UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANDRA LEE SMITH O/B/O,
"B.L.S.", an infant
                    Plaintiff,

v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.
_____

REPORT
and
RECOMMENDATION

16-CV-00203V(F)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                          TIMOTHY HILLER, of Counsel
                          Attorney for Plaintiff
                          6000 North Bailey Avenue
                          Suite 1A
                          Amherst, New York 14226

                          JAMES P. KENNEDY
                          ACTING UNITED STATES ATTORNEY
                          Attorney for Defendant
                          BENIL ABRAHAM
                          Assistant United States Attorney, of Counsel
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York 14202, and

                          STEPHEN P. CONTE
                          Regional Counsel - Region II
                          United States Social Security Administration
                          Office of the General Counsel, of Counsel
                          26 Federal Plaza, Room 3904
                          New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

This action was referred to the undersigned by Honorable Lawrence J. Vilardo on December 5, 2016. (Dkt. No. 14). The matter is presently before the court on Plaintiff's motion for judgment on the pleadings filed on November 28, 2016 (Dkt. No. 13), and Defendant's motion for judgment on the pleadings, filed on January 27, 2017. (Dkt. No. 15).

## BACKGROUND

Plaintiff Sandra Lee Smith ("Plaintiff" or "Smith") on behalf of her minor daughter ("B.L.S."), seeks review of Defendant's decision dated September 19, 2014 (R. 14-26),[2] wherein the Administrative Law Judge ("ALJ") determined that B.L.S. was not disabled under section 1614(a)(3)(c) of the Act.

Plaintiff filed an application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Act on May 21, 2012 (R. 158), alleging that B.L.S. became disabled on September 1, 2010. (R. 158). In denying Plaintiff's application for disability benefits, Defendant determined that B.L.S. had the severe impairments of auditory processing disorder, receptive/expressive language delay, autistic disorder, anxiety disorder and obesity. (R. 20). Defendant further determined that B.L.S.'s impairments did not meet or medically equal a listed impairment or combination of impairments within the Act's definition of impairment (R. 20), and found B.L.S. not disabled, as

---

[2] "R" references are to the page numbers of the Administrative Record submitted in this case for the court's review.

defined in the Act, at any time from the alleged onset date of September 1, 2010 (R. 26), through the date of the Administrative Law Judge's decision on July 9, 2014. *Id.*

**PROCEDURAL HISTORY**

On August 8, 2012, Plaintiff filed an application for supplemental insurance benefits under Title XVI of the Act. (R.158). Plaintiff's application alleging disability based on borderline intellectual functioning was initially denied by Defendant on November 26, 2012 (R. 57 ), and, pursuant to Plaintiff's request filed on December 31, 2012 (R. 120), a hearing was held before ALJ Donald T. McDougall, Jr. ("Judge McDougall" or "the ALJ") in Buffalo, New York on April 25, 2014. (R. 40-89). B.L.S.'s legal guardian mother, represented by Kelly Laga, Esq. ("Laga"), appeared and testified at the hearing. *Id.* The ALJ's decision denying the claim was rendered on July 9, 2014. (R. 11-23). On September 2, 2014, Plaintiff requested review of the hearing decision by the Appeals Council. (R. 12). The ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review on January 14, 2016. (R. 1-4). This action followed on March 8, 2016, with Plaintiff alleging that the ALJ erred by failing to find B.L.S. disabled. (Doc. No. 1).

On November 28, 2016, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a supporting memorandum of law (Doc. No. 13) ("Plaintiff's Memorandum"). On January 27, 2017, Defendant filed a motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Doc. No. 15) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

Based on the following, for the reasons stated in this Report and Recommendation Plaintiff's motion should be GRANTED, and Defendant's motion for judgment on the pleadings should be DENIED.

**FACTS[3]**

B.L.S. was born on October 10, 1998 (R. 158), and was 14 years old on May 21, 2012, the date that her disability application was filed, and is therefore considered a school-aged child for disability review purposes. 20 C.F.R. § 416.926a(g)(2)(iv)(v).

Relative to the period of disability review in this case, on July 30, 2012, Gregory Fabiano, Ph.D., ("Doctor Fabiano"), completed a consultative psychiatric evaluation of B.L.S. and reported that B.L.S. exhibited impaired attention and concentration and recent and remote memory skills, with below average intellectual functioning. (R. 316). Dr. Fabiano diagnosed B.L.S. with Axis I[4] attention deficit hyperactivity disorder, primarily inattentive type, anxiety disorder not otherwise specified ("NOS"), oppositional defiant disorder and Axis III asthma. (R. 317).

On August 20, 2012, B.L.S. was admitted to Erie County Medical Center ("E.C.M.C."), and reported intrusive thoughts of harming herself. (R. 42). B.L.S. was evaluated with no evidence of depression, mania or psychosis and diagnosed with anxiety and a learning disorder. (R. 425).

On September 11, 2012, Averill M. Paes ("Paes"), an audiologist with Buffalo Hearing and Speech Center ("BHSC"), in Buffalo, New York, evaluated B.L.S. with a

---

[3] Taken from the pleadings and the administrative record.
[4] The DSM-IV multiaxial scale is used to assess an individual's mental and physical condition on five axes, each of which refers to a different class of information: Axis I clinical disorders, Axis II personality disorders, Axis III general medical conditions, Axis IV psychosocial and environmental stressors, and Axis V global assessment of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders-IV-TR* ("DSM-IV"), at 27 (4th ed. 2000).

4

severe auditory processing disorder in the areas of decoding (ability to quickly and accurately digest speech), and tolerance-fading memory (understanding speech in noise and short-term memory). (R. 323).

On September 26, 2012, Nancy Mariani ("Mariani"), an educational specialist with the Buffalo Public Schools, evaluated B.L.S. with academic skills within the low to average range in broad reading, brief reading, math calculation skills, broad written language and brief writing. (R. 346).

On September 27, 2012, Kathryn Hussey ("Hussey"), a licensed clinical social worker with the Buffalo Public Schools completed a psychological evaluation of B.L.S., and upon administering the Weschler Intelligence Scale for Children-Fourth Edition ("WISC-IV") test[5] to B.L.S. noted that B.L.S.'s full-scale I.Q. measured 81, a ranking in the tenth percentile nationally of children the same age as B.L.S., that B.L.S.'s verbal comprehension ranked in the fifth percentile nationally, perceptual reasoning[6] ranked in the twenty-fifth percentile nationally, processing speed[7] ranked in the thirteenth percentile nationally, and that B.L.S.'s working memory[8] ranked in the thirty-fourth percentile nationally. (R. 349-50).

On October 5, 2012, Diane B. Loonan ("Loonan"), a speech pathologist with the Buffalo Public Schools, administered a Clinical Evaluation of Language Fundamentals –

---

[5] WISC-IV Comprehension measures a child's verbal reasoning and conceptualization, verbal comprehension and expression, and the child's ability to evaluate and use past experience and demonstrate practical information.
[6] WISC-IV Perceptual reasoning measures a child's ability to visually perceive and organize information, nonverbal concept formation, visual-motor integration, and abstract categorical reasoning.
[7] WISC-IV Processing speed measures a child's ability for short-term visual memory, speed of mental and grapho-motor processing and attention and concentration.
[8] WISC-IV Working memory measures a child's short-term auditory memory, attention, manipulation, processing, and concentration.

5

Fourth Edition ("CELF-4") test[9] to B.L.S. where B.L.S. was evaluated with a score of 66 for repetitive language, 65 for expressive language, 64 for core language 58 for language content and 66 for language memory, placing B.L.S. in the first percentile nationally for each test component. (R. 352).

On November 8, 2012, Danielle Dodman ("Dodman"), a speech pathologist with BHSC administered a CELF-4 test on B.L.S. and evaluated B.L.S. with a receptive language score of 64, a score that ranked in the first percentile nationally, and an expressive language score of 59, that ranked B.L.S. in the .3rd percent nationally. (R. 329-30). Dodman opined that B.L.S.'s comprehension of spoken language was severely delayed in the areas of auditory processing, following directions, reading comprehension and understanding age-appropriate concepts, and that B.L.S.'s production of spoken language was severely delayed in recalling spoke language, sentence formulation and using age-appropriate language concepts. (R. 331). Dodman opined B.L.S.'s prognosis was good to achieving improved expressive language with skilled intervention. *Id.*

On November 15, 2012, J. Meyer, M.D. ("Dr. Meyer"), a pediatrician, completed a childhood disability evaluation form on B.L.S. and evaluated B.L.S. with a marked limitation to acquiring and using information, a less than marked limitation to attending to and completing tasks, interacting and relating to others and caring for herself and no limitation to B.L.S.'s ability to move about and manipulate objects and health and physical well-being. (R. 335-59).

---

[9] The CELF-4 is a comprehensive standardized test designed to measure ability of functioning within the meaning of § 416.926a(e)(2)(iii). *F.M. o/b/o B.M. v. Astrue,* 2009 WL 2242134, at *8 (E.D.N.Y. July 27, 2009).

Ob January 10, 2013, Renee Baskin Ph.D., ("Dr. Baskin"), completed a consultative psychological evaluation of B.L.S., and administered the Vineland II ("Vineland-II") test where B.L.S. measured a standard score of 61 on communication, 63 for daily living skills, 58 for socialization, and a 60 for maladaptive behavior. (R. 439-40). B.L.S.'s Gilliam Autism[10] rating score was 132, which revealed that B.L.S. probability of autism was very likely. (R. 440). Dr. Baskin noted that B.L.S.'s behavioral and emotional problems of adaptive functioning had a negative impact on B.L.S.'s ability to function successfully in social and academic settings. (R. 441).

On February 11, 2013, B.L.S. sought treatment for Women's and Children's Hospital of Buffalo for anxiety. Upon examination, David Lawrence, M.D. ("Dr. Lawrence"), diagnosed B.L.S. with anxiety and referred B.L.S. to her primary physician for follow-up. (R. 459).

## DISCUSSION

**1. Disability Determination Under the Social Security Act**

An individual under the age of 18 is disabled and eligible for benefits when he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, which can be expected to result in death or which has lasted or is expected to last for a period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). A three-step review process is used to evaluate whether a child meets the statutory definition of disability. 20 C.F.R. § 416.924, *Myers ex rel. C.N. v. Astrue*, 993 F. Supp.2d 156, 160 (W.D.N.Y. 2012). Similar to the disability requirements

---
[10] The Gilliam Autism Rating Scale evaluates the severity of an individual's autism.

for adults, a child is entitled to disability insurance benefits in instances where the child has not engaged in substantial gainful activity, provides substantial evidence to establish an impairment that is severe, *i.e.*, causes more than a minimal functional limitation in accordance with 20 C.F.R. § 416.924(c), and meets or equals a listed impairment set forth under 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 (the "Listings"). Equivalence to a listing may also be met by establishing a lack of medical or functional ability, *i.e.,* "functionality." 20 C.F.R. § 416.924(d). Evaluation of functionality is informed by the claimant's ability to function in six main areas or "domains," that include the areas of acquiring and using information; attending and completing tasks; interacting and relating to others; moving about and manipulating objects; caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a(b)(1) ("§ 416.926a(b)(1)"). A finding of disability is warranted under § 416.926a(b)(1) in instances where substantial evidence establishes that the claimant has a "marked" limitation in any two listed domains, 20 C.F.R. 416.926a(a), and arises when several activities or functions are impaired, or when only one is impaired, as long as the degree of limitation is such that it seriously interferes with the claimant's ability to function independently, appropriately, effectively, and on a sustained basis based on the individual's age-based expectations. 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 112.00(C). Functional equivalence may also be established by providing substantial evidence that supports that a claimant's impairment results in an "extreme" limitation to the claimant's ability to function within a single area of domain. *Id.* Extreme limitations "interfere[ ] very seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). Plaintiff contends that the ALJ failed to provide reasons for rejecting

8

B.L.S.'s CELF-4 test results that supported that B.L.S.'s ADHD resulted in marked limitations to multiple domains of B.L.S.'s ability to function. Plaintiff's Memorandum at 18-22.

**Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[11] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**B.**    **Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. 20 C.F.R. § 404924(b). In this case, the ALJ determined that B.L.S. had not engaged in substantial gainful activity since May 21, 2012, the Plaintiff's application date. (R. 20). Plaintiff does not contest this determination.

---

[11] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

## C. Severe Physical or Mental Impairment

The second step of the analysis requires a determination whether a disability claimant has a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 416.924(c). If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. *Id.*

In this case, the ALJ determined B.L.S. had the severe impairments of auditory processing disorder, receptive/expressive language delay, autistic disorder, anxiety disorder and obesity. (R. 20). Plaintiff does not contest this finding

## D. Listing of Impairments, Appendix 1

The third step is to determine whether a claimant's impairment or impairments are listed in the regulations at Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 ("The Listing of Impairments"). If the impairments are listed in the Appendix, and the duration requirement is satisfied, the impairment or impairments are considered severe enough to prevent the claimant from performing any gainful activity and the claimant is considered disabled. 20 C.F.R. §416.924(d). *Myers*, 993 F. Supp.2d 156 at 161(if a child's impairment meets or equals a listed impairment the child is considered disabled). In this case, the ALJ found B.L.S.'s impairments did not medically meet or equal a listed impairment. (R. 20). For purposes here, B.L.S. was fourteen years old on May 21, 2012, the date that Plaintiff filed her application for disability benefits, and is therefore considered a school-aged child under 20 C.F.R. § 416.926a(g)(2).

In this case, the ALJ determined that B.L.S. did not meet or equal the criteria for disability under 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 111.09 (Communication Impairment, 112.06 (Anxiety Disorders), 112.10 (Autistic Disorder and Other Pervasive

Developmental Disorders), and 112.11 (Attention Deficit Hyperactivity Disorder ("ADHD")). In particular, the ALJ determined that B.L.S. did not meet the criteria for ADHD as B.L.S. did not have marked inattention, impulsiveness, or hyperactivity with other age-appropriate group criteria. (R. 21). In order to meet the criteria for disability under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.11 ("§ 112.11") (ADHD), a child's impairment must also result in at least two of the following:

    a. Marked limitation to age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
    b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
    c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
    d. Marked difficulties in maintaining concentration, persistence or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.02B2(a)(b)(c)(d) ("§ 112.02B2").

**Functional equivalence**

As previously discussed, Discussion, *supra*, at 8-9, functional equivalence may be used to establish disability based on a claimant's ability to function within six domains. In this case, the ALJ determined that B.L.S. had less than a marked limitation to the domain area of interacting and relating to others, and no limitations to the domain areas of attending to and completing tasks, interacting and relating to others, caring for herself, moving about and manipulating objects, and health and well-being. 28-32).

Plaintiff contends that the ALJ improperly evaluated B.L.S.'s CELF-4 test scores and the ALJ's interpretation of the score's relation to the six areas of functional domain, and that the ALJ's failure to consider B.L.S.'s CELF-4, Berry, and Vineland-II test scores in assessing whether B.L.S. has a marked limitation to areas of functional domain requires remand.  Plaintiff's Memorandum at 18-22.  Defendant maintains that the ALJ included consideration of B.L.S.'s CELF-4 scores, that B.L.S.'s composite score in the Vineland-II test showed only mild deficits to B.L.S.'s adaptive functioning, that B.L.S. demonstrated strengths on the Berry Visual Test, and that B.L.S.'s grades in school and testimony supported the ALJ's finding that B.L.S. had no marked limitations to the six domains of functioning.  Defendant's Memorandum at 14-16.

A child has a "marked limitation" in a domain when the impairment interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i).  A child's day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities.  Children from age three to attainment of age 18 will be found to have a marked imitation when the child receives a valid test score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and the claimant's day-to-day functioning in domain-related activities is consistent with that score.  *See* 20 C.F.R. § 416.926a(e)(2)(iii).  Children who have language impairments often have limitations in both the domains of acquiring and using information and interacting and relating with others.  *See Kittles ex re. Lawton v. Barnhart*, 245 F.Supp.2d 479, 489 (E.D.N.Y. 2003).

"After the 2000 amendments to the SSA regulations, impairments in expressive language ability are now germane to two domains: acquiring and using information and interacting and relating with others.  Accordingly, the SSA now takes the position that a child with speech-language deficits at the marked level will normally be found to have a marked limitation in the domain of interacting and relating with others, even though socially well-behaved."  *McClain v. Barnhart* ("*McLain*"), 299 F.Supp.2d 309, 326 n. 18 (S.D.N.Y. 2014).

In this case, substantial evidence supports that B.L.S. meets the criteria for disability under § 112.11 (ADHD).  The CELF-4 test, standardized at 100, establishes that a score of 70 is two standard deviations below the mean.  B.L.S.'s CELF-4 test scores measured 66 (receptive language), 65 (expressive language), 64 (core language), 58 (language content), and 66 in language memory on October 5, 2012 (R. 352), and 64 (receptive language), and 59 (expressive language) on November 8, 2012 (R. 328), establish that Plaintiff has two standardized tests that measure between two and three standard deviations below the mean and therefore meets the criteria for disability under 20 C.F.R. § 416.926a(e)(2)(iii).  The ALJ's failure to find that substantial evidence supports that B.L.S. has marked limitations in the domains of the ability to acquire and use information and interact and relate with others therefore requires remand.  *See McClain*, 299 F.Supp.2d at 326.

As Plaintiff's application has been pending for nearly six years, and remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial additional delay, remand for calculation of benefits should be required.  *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000) (remand for calculation of benefits

appropriate where remand for further evidentiary hearings could result in substantial additional delay in case pending more than six years).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion should be GRANTED; Defendant's motion should be DENIED. The Clerk of the Court should be instructed to close the file.

Respectfully submitted,

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     April 18, 2018
               Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that the Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of the Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    April 18, 2018
                Buffalo, New York